# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>Jayson Cruz Fernandez,<br>Defendant. | CRIMINAL NO. 20-229 (GAG) |

## PLEA AND FORFEITURE AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, Jayson Cruz Fernandez, and Defendant's counsel, Fernando Omar Zambrana-Aviles, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count One of the Indictment:

Count One: On or about July 8, 2020, in the United States, in the District of Puerto Rico and withing the jurisdiction of this Court, Jayson Cruz Fernandez, did knowingly possess two firearms, that is (1) Glock, model 19, serial number ZLL189, .9MM caliber; (1) Glock, model 23, .40 caliber, serial number STX863 which had been modified so that they were capable of expelling multiple rounds of ammunition without manual reloading, by a single function of the trigger. All in violation of 18 U.S.C. §§ 922 (o) and 924 (a)(2).

U.S. v. Jayson Cruz Fernandez, 20-229 (GAG)

### 2. Maximum Penalties

Count One: The maximum statutory penalty for the offense charged in Count One of the Indictment, is a term of imprisonment of ten years pursuant to 18 U.S.C. § 924 (a)(2); a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

### 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form

[handwritten margin note: F2 SCF]

500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

## 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

## 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS COUNT ONE 18 U.S.C. § 922(o) | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2K2.1(a)(3) | | | | | 22 |
| Increase for number of firearms (3-7) pursuant to U.S.S.G. § 2K2.1(b)(1)(A) | | | | | +2 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | | | | | -3 |
| TOTAL ADJUSTED OFFENSE LEVEL | | | | | 21 |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 37-46 | 41-51 | 46-57 | 57-71 | 70-87 | 77-96 |

*[Handwritten margin note: F2 JCF]*

U.S. v. Jayson Cruz Fernandez, 20-229 (GAG)

### 8. Sentence Recommendation

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the parties will request a sentence of imprisonment at the low end of the range within the applicable Guidelines range at a total offense level of 21 when combined with the criminal history category determined by the Court.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

### 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

### 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is within or below the Guidelines range for the total offense level calculated in this Plea Agreement when combined with Defendant's criminal history category as determined by the Court, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.



F2
J.CF.

### 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Fernando Omar Zambrana-Aviles, Esq., and asserts that counsel has rendered effective legal assistance.



F2
J.C.F

### 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

   b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that

Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 18. Dismissal of Remaining Counts

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 20. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free

from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 21. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

### 23. Firearms and Ammunition Forfeiture

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit Defendant's rights and interest any firearms and ammunition involved or used in the commission of the offense, including, but not limited to: (1) Glock, model 19, serial number ZLL189, .9MM caliber; (1) Glock, model 23, .40 caliber, serial number

U.S. v. Jayson Cruz Fernandez, 20-229 (GAG)

STX863; (1) Glock, .45 caliber, serial number CZF145US; (1) extended .40 caliber magazine, and 74 rounds of ammunition.

### 24. Forfeiture Provision

Defendant agrees to waive and forgo any interests or claims over the property listed in the preceding paragraph pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is

U.S. v. Jayson Cruz Fernandez, 20-229 (GAG)

subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

FZ
JCF.

W. STEPHEN MULDROW
United States Attorney

_____
Jonathan L. Gottfried
Assistant U.S. Attorney
Chief, Violent Crimes Division
Dated: 3/11/21

_____
Fernando Omar Zambrana-Aviles, Esq.
Counsel for Defendant
Dated: 4/13/21

_____
Luis A. Valentin
Assistant U.S. Attorney
Dated: 3/11/2021

_____
Jayson Cruz Fernandez
Defendant
Dated: 4/13/21

U.S. v. Jayson Cruz Fernandez, 20-229 (GAG)

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 3/22/21

Jayson A. Cruz Fernandez
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 3/22/21

Fernando Omar Zambrana-Aviles, Esq.
Counsel for Defendant

U.S. v. Jayson Cruz Fernandez, 20-229 (GAG)

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Jayson Cruz Fernandez admits that Defendant is guilty as charged in the Indictment and admits the following:

On July 8, 2020, at approximately 9:00 p.m. police officers from the Puerto Rico Police Bureau (PRPB) responded to a report of a drive by shooting in the area of Pino Avenue in Caguas, Puerto Rico. Upon arriving at the scene of the shooting, PRPB officers were redirected to a local hospital where the injured person (later identified as Jayson Cruz Fernandez) was taken for medical treatment. At the hospital, PRPB officers spoke with a witness who was instructed by Jayson Cruz Fernandez to drive him to the hospital for injuries sustained during the shooting. The witness advised law enforcement that upon arriving at the hospital Jayson Cruz Fernandez gave the witness two firearms and instructed the witness to throw them away in the bushes near the emergency room entrance.

Jayson Cruz Fernandez exited the vehicle but returned shortly thereafter and retrieved his cell phone. At that time the witness observed an additional firearm in the vehicle and was instructed by Jayson Cruz Fernandez to discard that firearm as well. The witness complied with Jayson Cruz Fernandez' instructions because he was in possession of multiple firearms and the witness was very scared. The witness also observed blood stains on the passenger door from Jayson Cruz Fernandez' injuries.

Jayson Cruz Fernandez entered the emergency room and the witness remained on the premises until PRPB arrived. The witness pointed the location where the

firearms were discarded. PRPB recovered (1) Glock, model 19, serial number ZLL189, .9MM caliber; (1) Glock, model 23, .40 caliber, serial number STX863; (1) Glock, .45 caliber, serial number CZF145US; (1) extended .40 caliber magazine, and 74 rounds of ammunition.

Jayson Cruz Fernandez acknowledges that he knowingly possessed the three firearms, magazines and rounds of ammunition. Jayson Cruz Fernandez also acknowledges that the (1) Glock, model 19, serial number ZLL189, .9MM caliber and (1) Glock, model 23, .40 caliber, serial number STX863 are both machine guns and that he knew and was aware of the essential characteristics of the firearms as machine guns based on, among other things, the physical modifications present and visible on each firearm. Both of these weapons contained a machinegun conversion device which allows the firearms to shoot automatically more than one shot, without manual reloading, with a single function of the trigger.

PRPB identified Jayson Cruz Fernandez while at the hospital and recovered additional personal items belonging to him including a black fanny pack containing an extended magazine and additional rounds of .40 caliber ammunition.

Jayson Cruz Fernandez knew he was prohibited from possessing any firearms and ammunition and was not licensed to possess any firearms and ammunition.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

U.S. v. Jayson Cruz Fernandez, 20-229 (GAG)

At trial, the United States would have proven beyond a reasonable doubt that defendant Jayson Cruz Fernandez is guilty as charged in Count One of the Indictment.

Discovery was timely made available to Defendant for review.

*[signature]*
Luis A. Valentin
Assistant U.S. Attorney
Dated: 3/11/2021

*[signature]*
Fernando Omar Zambrana-Aviles, Esq.
Counsel for Defendant
Dated: 3/22/2021

*[signature]*
Jayson Cruz Fernandez
Defendant
Dated: 3/22/21

F2
J-CF